IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANIEL L. COLE,

    Petitioner,

v.                                                                         No. 1:22-cv-01201-JDB-jay
                                                                         Re: 1:09-cr-10105-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING CORAM NOBIS PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Daniel L. Cole,[1] has filed a pro se petition for writ of error coram nobis (the "Petition") pursuant to 28 U.S.C. § 1651(a). (Docket Entry ("D.E.") 1.) For the following reasons, the Petition is DENIED.

In August 2010, Cole pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[2] (*United States v. Cole*, No. 1:09-cr-10105-JDB-1 (W.D. Tenn.), D.E. 67.) The offense occurred in 2009 when the Defendant was serving a term of supervised release on a felony drug conviction. (*Id.*, D.E. 86.) The undersigned imposed a thirty-seven month sentence of incarceration and three years of supervised release on the firearms conviction and a concurrent sentence of eight months on the supervised release violation. (*Id.*, D.E. 86.) An unsuccessful direct appeal was taken. (*Id.*, D.E. 116.) Cole served his sentence and, after twice having his

---

[1] The Court will refer to Cole as "the Defendant" in its discussion of his criminal cases.

[2] Section 922(g) prohibits certain persons from possessing firearms, including individuals "who [have] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g).

supervised release revoked, was "released from supervision" in February 2016. (*Id.*, D.E. 154 at PageID 421.)

Three years later, in the case of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court "held that defendants do not violate § 922(g)(1) unless they *know* that they have been convicted of a crime punishable by more than one year in prison when they possess firearms." *Wallace v. United States*, 43 F.4th 595, 598 (6th Cir. 2022) (citing *Rehaif*, 139 S. Ct. at 2196). Relying on *Rehaif*, Cole filed the Petition seeking to have his conviction overturned. In that pleading, he posits that his conviction is no longer valid because neither the indictment nor the undersigned at the change-of-plea hearing mentioned that the Government was obligated to prove that he knew at the time he possessed the firearm that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has affirmed the authority of courts to issue writs of error coram nobis based on § 1651. *See United States v. Morgan*, 346 U.S. 502, 506-10 (1954). The writ of error coram nobis is an extraordinary remedy that "provides a way to collaterally attack a criminal conviction for a person who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Castano*, 906 F.3d 458, 462 (6th Cir. 2018) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). "[T]o merit the extraordinary remedy of *coram nobis*, a petitioner must demonstrate an error of the most fundamental character that, if corrected, probably would have altered the outcome of the trial; the lack of alternative remedy; the existence of an ongoing civil disability; and sound reasons for failure to seek appropriate earlier

relief. The ultimate question is whether extraordinary circumstances compel issuance of the writ to achieve justice." *Id.* at 464 (6th Cir. 2018) (citing *Morgan*, 346 U.S. at 511). The burden of proof in a coram nobis proceeding rests with the petitioner. *Id.* at 462.

  Cole is not entitled to coram nobis relief because he has not shown an error of the most fundamental character that, if corrected, probably would have altered the outcome of his case. In 2003, Cole was convicted of a felony drug offense in federal court and sentenced to sixty-two months' incarceration. (*See United States v. Cole*, No. 1:03-cr-10040-JDB-1 (W.D. Tenn.), D.E. 31.) By the time he committed the firearm offense in 2009 he was freshly out of prison after having completed that sentence and was on supervised release. (*Id.*, D.E. 36.) He therefore knew at the time of his firearm offense that he had been previously convicted of a crime punishable by more than one year. *See United States v. Montgomery*, 974 F.3d 587, 591 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021) (The defendant "knew he was a felon at the time when he possessed the firearms at issue" because "he was in prison for over three years for his prior felonies . . . and he was on parole when he committed the § 922(g) offenses. In other words, he had spent several years in prison only a couple of years before the crimes in question."). On this record, Petitioner cannot show that he likely would have refrained from pleading guilty to the firearm offense had either the indictment or the undersigned informed him that the Government was obligated to prove the knowledge element. Cole has thus failed to carry his burden of establishing the probability of a different outcome had the error been corrected. The Petition is DENIED.

  Reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Therefore, a certificate of appealability is DENIED**.** The Court CERTIFIES that any

appeal challenging the denial would not be taken in good faith and DENIES leave to appeal in forma pauperis.  *See* Fed. R. App. P. 24.

    IT IS SO ORDERED this 29th day of November 2022.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE